**GENOVA, BURNS & GIANTOMASI**
John W. Bartlett, Esq.
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777

**PATTISHALL, McAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP**
311 South Wacker Drive, Suite 5000
Chicago, Illinois 60606
(312) 554-8000

*Attorneys for Plaintiffs PepsiCo, Inc., and The Concentrate Manufacturing Company of Ireland*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| PEPSICO, INC., a North Carolina corporation, and THE CONCENTRATE MANUFACTURING COMPANY OF IRELAND, a corporation governed by the laws of the Republic of Ireland,<br>Plaintiffs,<br><br>vs.<br><br>R. R. IMPORTACIONES, INC., a New Jersey corporation, JAMES MARTINEZ, an individual, and JOHN DOES 1-10,<br><br>Defendants. | CIVIL ACTION NO.<br><br>**COMPLAINT FOR:**<br>**(1) VIOLATION OF SECTION 32 OF THE LANHAM ACT;**<br>**(2) VIOLATION OF SECTION 43(a) OF THE LANHAM ACT;**<br>**(3) VIOLATION OF NEW JERSEY STAT. § 56:4-1;**<br>**(4) UNFAIR COMPETITION IN VIOLATION OF NEW JERSEY COMMON LAW;**<br>**(5) TRADEMARK INFRINGEMENT IN VIOLATION OF NEW JERSEY COMMON LAW;**<br>**(6) VIOLATION OF SECTION 43(c) OF THE LANHAM ACT; and**<br>**(7) VIOLATION OF NEW JERSEY STAT. § 56:3-13.20.** |

Plaintiffs, PepsiCo, Inc., and the Concentrate Manufacturing Company of Ireland, by way of Complaint against Defendants R. R. Importaciones, Inc., James Martinez, and John Does 1-10, allege as follows:

## PARTIES

1. Plaintiff, PepsiCo, Inc. ("PepsiCo"), is a North Carolina corporation with its principal place of business at 700 Anderson Hill Road, Purchase, New York 10577.

2. Plaintiff, The Concentrate Manufacturing Company of Ireland ("CMCI"), is a corporation governed by the laws of the Republic of Ireland with its principal place of business at Corner House, Fourth Floor, 20 Parliament Street, Hamilton, HM HX, Bermuda, and is a wholly-owned subsidiary of PepsiCo.

3. On information and belief, Defendant R.R. Importaciones, Inc. ("RR Importaciones") is a corporation governed by the laws of the State of New Jersey with its principal place of business at 141-143 3rd Street, Passaic, New Jersey 07055.

4. On information and belief, Defendant James Martinez is an individual residing at 62 1st Street, Passaic, New Jersey 07055, and controls and directs the actions of RR Importaciones as president of the same.

5. On information and belief, John Does 1-10 (collectively, the "Doe Defendants") are individuals and business entities who have participated or assisted in the conduct alleged herein or are otherwise responsible therefor. The identity of these Doe Defendants presently is not and cannot be known to Plaintiffs, but these persons and/or entities will be added as named defendants to this action as and when they are identified. Unless otherwise indicated, RR Importaciones, James Martinez, and the Doe Defendants are referenced collectively herein as "Defendants."

## JURISDICTION AND VENUE

6. This Court has jurisdiction by virtue of the fact that: (1) this is an action arising under the Trademark Act of 1946, as amended, 15 U.S.C. §§ 1051, *et seq*. (the Lanham Act),

jurisdiction being conferred in accordance with 15 U.S.C. § 1121 and 28 U.S.C. § 1338(a) and (b); and (2) this is a civil action between citizens of different states in which the value of the amount in controversy exceeds seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, jurisdiction being conferred in accordance with 28 U.S.C. § 1332. Jurisdiction for the claims made under New Jersey state law is conferred in accordance with the principles of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

7. Venue is proper in this Court under 28 U.S.C. § 1391(b) in that, on information and belief, a substantial part of the events or omissions giving rise to the claim occurred in this district, or under 28 U.S.C. § 1391(c) in that, on information and belief, Defendants are deemed to reside in this District because they are subject to personal jurisdiction in this District.

## FACTS

8. PepsiCo manufactures, markets and distributes soft drinks throughout the United States.

## THE FAMOUS PEPSI MARKS

9. Since long prior to the acts of Defendants complained of herein, PepsiCo has made continuous use of the trademarks PEPSI, PEPSI-COLA, a distinctive red, white and blue logo, and combinations of variations on this logo with PEPSI and PEPSI-COLA (the “PEPSI marks”) in connection with the sale and advertising of cola flavored soft drinks (the “PEPSI products”).

10. PepsiCo owns, among many others, the following federal trademark registrations issued by the United States Patent and Trademark Office for the PEPSI marks used in connection with its PEPSI products:

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| PEPSI | 824,150 | February 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof. |
| PEPSI-COLA | 824,151 | February 14, 1967 | Soft drinks and syrups and concentrates for the preparation thereof. |
| Design mark | 824,153 | February 14, 1967 | Soft Drinks. |
| PEPSI and Design | 2,100,417 | September 23, 1997 | Soft Drinks. |
| PEPSI and Design | 2,104,304 | October 7, 1997 | Soft Drinks. |

These registrations are valid, subsisting and incontestable, and constitute conclusive evidence of PepsiCo's exclusive right to use the PEPSI marks for the goods specified in the registrations. 15 U.S.C. §§ 1065, 1115(b).

11. PepsiCo and its authorized bottlers have sold billions of dollars worth of PEPSI products under the PEPSI marks throughout the United States and have spent hundreds of millions of dollars to advertise and to promote the PEPSI products under the PEPSI marks.

12. PepsiCo's extensive sales, promotion and advertising have caused the PEPSI marks to become exceedingly famous.

13. The PEPSI marks possess an extraordinarily valuable goodwill that PepsiCo owns.

14. PEPSI products are bottled and distributed in the United States by PepsiCo or PepsiCo's authorized bottlers pursuant to Exclusive Bottling Appointment agreements. The Exclusive Bottling Appointment agreements authorize those bottlers, and no one else, to bottle and distribute PEPSI products in their respective territories.

**THE MANZANITA SOL MARKS**

15. Since long before the acts of Defendants complained of herein, CMCI has made continuous use of the trademarks MANZANITA SOL and MANZANITA SOL and Design (collectively, the “MANZANITA SOL marks”) in connection with the sale and advertising of soft drinks (collectively, the “MANZANITA SOL products”).

16. CMCI owns, inter alia, the following federal trademark registrations issued by the United States Patent and Trademark Office for the MANZANITA SOL marks used in connection with the MANZANITA SOL products:

| MARK | REG. NO. | REG. DATE | GOODS |
|---|---|---|---|
| MANZANITA SOL | 3,156,112 | October 17, 2006 | Soft drinks, and syrups and concentrates for making the same. |
| MANZANITA SOL and Design | 3,167,654 | November 7, 2006 | Soft drinks, and syrups and concentrates for making the same. |

Said registrations are valid and subsisting, and constitute prima facie evidence of the validity of the MANZANITA SOL marks and of CMCI’s ownership of and exclusive right to use these marks for the goods listed therein. 15 U.S.C § 1057(b).

17. CMCI has sold millions of dollars worth of MANZANITA SOL products under the MANZANITA SOL marks throughout the United States and has dedicated substantial amounts of money and other resources to advertise and promote the MANZANITA SOL products under the MANZANITA SOL marks.

18. CMCI’s sales, promotion, and advertising have caused the MANZANITA SOL marks to become well-known among consumers.

19. The MANZANITA SOL marks represent valuable goodwill that CMCI owns.

20. CMCI is a wholly-owned subsidiary of PepsiCo, and the MANZANITA SOL products are bottled and distributed in the United States by PepsiCo or PepsiCo's authorized bottlers pursuant to Exclusive Bottling Appointment agreements. The Exclusive Bottling Appointment agreements authorize those bottlers, and no one else, to bottle and distribute MANZANITA SOL products in their respective territories.

**DEFENDANTS' ACTIONS**

21. Defendants have sold soft drinks manufactured in Mexico and meant for sale in Mexico bearing the PEPSI marks and the MANZANITA SOL marks ("Mexican product") in the United States and in the State of New Jersey, including in this judicial District.

22. The Mexican product is subject to bottling agreements that restrict sales of the Mexican product to Mexico.

23. The Mexican product is neither authorized nor intended for exportation out of Mexico or for importation into, or sale or distribution in, the United States.

24. The Mexican product that Defendants sell within the United States is materially different in many respects from the authorized PEPSI products and MANZANITA SOL products authorized for sale in the United States. These material differences include:

(a) the Mexican product does not comply with the United States Food and Drug Administration's labeling regulations;

(b) the Mexican product does not comply with the labeling standards followed by Plaintiffs and their authorized bottlers in the United States;

(c) the sale of Mexican product in channels of trade different from Plaintiffs' authorized distribution channels stifles Plaintiffs' ability to properly and sufficiently exercise quality control over the Mexican product by, but not

limited to: (i) preventing Plaintiffs from placing "drink by" notice dates on the Mexican product; (ii) making monitoring the Mexican product for proper shipment and storage conditions impossible; (iii) precluding Plaintiffs' proper arrangement of retail Mexican product displays; and (iv) preventing Plaintiffs from rotating stale, damaged or substandard quality Mexican product off retail shelves;

(d) the Mexican product sold by Defendants does not inform purchasers of or allow purchasers to participate in promotions Plaintiffs authorize based on the purchase of specially-marked PEPSI products and MANZANITA SOL products authorized for sale in the United States;

(e) there is a risk of leakage, loss of carbonation and general deterioration to the Mexican product due to the hazards and delay inherent in shipping the product outside its designated area of sale;

(f) the bottles containing the Mexican product sold by Defendants are of a type not available for sale in the United States;

(g) the cans and bottles containing the Mexican product bear writing in Spanish;

(h) Defendants' marketing of the Mexican product in the United States conflicts with the advertising strategies and marketing plans of Plaintiffs and their authorized bottlers;

(i) Defendants' marketing of the Mexican product conflicts with Plaintiffs and their authorized bottlers' bottle return policies; and

(j) some of the Mexican product bears registered trademark notices, but does not bear a statutory notice of a United States trademark registration and might be interpreted as limiting Plaintiffs' right to obtain relief in accordance with Section 29 of the Lanham Act, 15 U.S.C. § 1111.

25. Plaintiffs objected to Defendants' sales of the Mexican product in writing prior to filing suit.

26. Defendants did not agree to settle this dispute or identify their sources for the Mexican product, thereby necessitating this suit.

27. Plaintiffs have not authorized or consented to Defendants' sale of Mexican product within the United States.

**FIRST CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT IN VIOLATION OF**
**SECTION 32 OF THE LANHAM ACT)**

28. Plaintiffs re-allege paragraphs 1 through 27, as if fully set forth herein.

29. Defendants' acts have caused or are likely to cause confusion, mistake or deception as to the source of origin, sponsorship or approval of Defendants' Mexican product in that purchasers and others in this District and elsewhere in the United States are likely to believe Plaintiffs authorize and control the sale of Defendants' Mexican product in the United States or that Defendants are associated with or related to Plaintiffs.

30. On information and belief, Defendants' acts have injured or are likely to injure Plaintiffs' image and reputation with consumers in this District and elsewhere in the United States by creating confusion about, and dissatisfaction with, Plaintiffs' PEPSI products and MANZANITA SOL products.

31. On information and belief, Defendants' acts have injured or are likely to injure Plaintiffs' business reputations and relations with retail accounts in this District and elsewhere in the United States by causing customer dissatisfaction, a diminution of the value of the goodwill associated with the PEPSI and MANZANITA SOL marks, and a loss of sales and market share to Plaintiffs' competition.

32. Defendants' sale of Mexican product in this District and elsewhere in the United States is a deliberate, intentional and willful attempt to injure Plaintiffs' business, to trade on Plaintiffs' business reputation, to confuse or deceive purchasers and to interfere with Plaintiffs' business relationships with its retail accounts in this District and elsewhere in the United States.

33. Defendants' acts constitute an infringement of Plaintiffs' trademark rights in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

34. Defendants' acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling Mexican product.

## SECOND CLAIM FOR RELIEF
## (UNFAIR COMPETITION IN VIOLATION OF SECTION 43(A) OF THE LANHAM ACT)

35. Plaintiffs re-allege paragraphs 1 through 9, 11 through 15, 17 through 27 and 29 through 32, as if fully set forth herein.

36. Defendants' acts constitute unfair competition with Plaintiffs in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

37. Defendants' acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate

remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Mexican product.

**THIRD CLAIM FOR RELIEF**
**(UNFAIR COMPETITION IN VIOLATION OF**
**NEW JERSEY STAT. § 56:4-1)**

38. Plaintiffs re-allege paragraphs 1 through 9, 11 through 15, 17 through 27 and 29 through 32, as if fully set forth herein.

39. Defendants' acts constitute unfair competition in violation of New Jersey Stat. § 56:4-1.

40. Defendants' acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Mexican product.

**FOURTH CLAIM FOR RELIEF**
**(UNFAIR COMPETITION IN VIOLATION**
**OF NEW JERSEY COMMON LAW)**

41. Plaintiffs re-allege paragraphs 1 through 9, 11 through 15, 17 through 27 and 29 through 32, as if fully set forth herein.

42. Defendants' aforesaid acts constitute unfair competition in violation of the common law of New Jersey.

43. Defendants' acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Mexican product.

**FIFTH CLAIM FOR RELIEF**
**(TRADEMARK INFRINGEMENT IN VIOLATION**
**OF NEW JERSEY COMMON LAW)**

44. Plaintiffs re-allege paragraphs 1 through 9, 11 through 15, 17 through 27 and 29 through 32, as if fully set forth herein.

45. Defendants' aforesaid acts constitute trademark infringement in violation of the common law of New Jersey.

46. Defendants' acts greatly and irreparably damage Plaintiffs and will continue to so damage Plaintiffs unless restrained by this Court; wherefore, Plaintiffs are without an adequate remedy at law. Accordingly, Plaintiffs are entitled to, among other things, an order enjoining and restraining Defendants from selling the Mexican product.

**SIXTH CLAIM FOR RELIEF**
**(DILUTION IN VIOLATION OF**
**SECTION 43(c) OF THE LANHAM ACT)**

47. PepsiCo re-alleges paragraphs 1 through 14, 21 through 27 and 29 through 32, as if fully set forth herein.

48. PepsiCo's PEPSI marks are famous and are widely recognized by the general consuming public of the United States as a designation of source of PepsiCo's goods, including the PEPSI products.

49. Defendants' acts are likely to harm PepsiCo's valuable business reputation and goodwill and are likely to impair the distinctiveness of the famous PEPSI marks.

50. Defendants' acts are likely to cause dilution by blurring of PepsiCo's famous PEPSI marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

51. Defendants' acts are likely to cause dilution by tarnishment of PepsiCo's famous PEPSI marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

52. On information and belief, Defendants' acts of dilution are intentional and willful.

53. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling the Mexican product.

**SEVENTH CLAIM FOR RELIEF**
**(DILUTION IN VIOLATION OF**
**NEW JERSEY STAT. § 56:3-13.20)**

54. PepsiCo re-alleges paragraphs 1 through 14, 21 through 27 and 29 through 32, as if fully set forth herein.

55. Defendants' acts are likely to damage the business reputation of PepsiCo in violation of New Jersey Stat. § 56:3-13.20.

56. Defendants' acts greatly and irreparably damage PepsiCo and will continue to so damage PepsiCo unless restrained by this Court; wherefore, PepsiCo is without an adequate remedy at law. Accordingly, PepsiCo is entitled to, among other things, an order enjoining and restraining Defendants from selling Mexican product.

**WHEREFORE**, Plaintiffs pray that:

1. Defendants, their officers, agents, servants, employees, and attorneys, their successors and assigns and all others in active concert or participation with Defendants, be enjoined and restrained during the pendency of this action, and permanently thereafter, from the importation into, and the dealing, marketing, sale or distribution in the United States of soft

drinks manufactured or bottled in Mexico and meant for sale in Mexico, or any other foreign country, bearing the PEPSI marks or the MANZANITA SOL marks.

2. Defendants, and all others holding by, through or under Defendants, be required, jointly and severally, to:

a. account for and pay over to Plaintiffs all profits derived by Defendants from its acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and New Jersey common law, and Plaintiffs ask that this profits award be trebled in accordance with 15 U.S.C. § 1117(a) and New Jersey Stat. **§** 56:4-2;

b. pay to Plaintiffs treble the amount of all damages incurred by Plaintiffs by reason of Defendants' acts of trademark infringement and unfair competition in accordance with 15 U.S.C. § 1117(a) and New Jersey Stat. § 56:4-2;

c. pay to Plaintiffs the costs of this action, together with reasonable attorneys' fees and disbursements, in accordance with 15 U.S.C. § 1117(a);

d. pay restitution to Plaintiffs, in accordance with the common law of the State of New Jersey, for all loss, damage and injury caused by Defendants' acts;

e. deliver up for destruction all of the Mexican product in their possession, in accordance with 15 U.S.C. § 1118;

f. send a notice to any existing wholesale customers that the importation, dealing in, sale or distribution of the Mexican product in the United States

without Plaintiffs' consent is unlawful and that they have been enjoined by a United States District Court from doing so; and

g. file with the Court and serve on PepsiCo an affidavit setting forth in detail the manner and form in which they have complied with the terms of the injunction, in accordance with 15 U.S.C. § 1116.

3. Plaintiffs have such other and further relief as the Court deems just and equitable.

Dated: April 21, 2011

Respectfully submitted,

**GENOVA, BURNS & GIANTOMASI**
494 Broad Street
Newark, New Jersey 07102
(973) 533-0777

By: s/ John W. Bartlett
JOHN W. BARTLETT
jbartlett@genovaburns.com

and

**PATTISHALL, McAULIFFE, NEWBURY, HILLIARD & GERALDSON LLP**
311 S. Wacker Drive, Suite 5000
Chicago, Illinois 60606
(312) 554-8000

*Attorneys for Plaintiffs PepsiCo, Inc.*
*and The Concentrate Manufacturing Company of Ireland*